UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>    Petitioner,<br><br>v.<br><br>THE STATE OF CALIFORNIA AND ROB BONTA,<br><br>    Respondents. | Case No. 2:22-cv-02190-DAD-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THE AMENDED PETITION BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF No. 10 |

    Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. On January 5, 2023, I dismissed his initial petition because state criminal proceedings against him were ongoing. ECF No. 9. I offered petitioner a chance to amend and explain what extraordinary circumstances, if any, justified federal intervention. *Id.* Petitioner filed an amended petition that still indicates that he is awaiting trial. ECF No. 10 at 2. Given that he still has not provided any convincing argument that circumstances justify federal intervention, I find that I must abstain from considering the merits of his claims under the *Younger*[1] abstention doctrine. I recommend that his amended petition be dismissed without leave to amend.

    The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the petition and order a response to the petition unless it "plainly appears" that the

---

[1] *Younger v. Harris*, 401 U.S. 37, 45 (1971).

1

petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

As stated above, petitioner alleges that he is awaiting trial. ECF No. 10 at 2. Many of his claims concern a pretrial hearing at which he alleges insufficient evidence was offered to require him to answer the criminal charges against him. *Id.* at 3-8, 11-13. A federal court must abstain from interfering with ongoing state criminal proceedings where: (1) state proceedings, judicial in nature, remain pending; (2) those proceedings involve important state interests; and (3) the state proceedings afford the claimant adequate opportunity to raise the constitutional issues at bar. *See Arevalo v. Hennessy,* 882 F.3d 763, 765 (9th Cir. 2018). Here, there are pending state judicial proceedings that implicate important state interests and petitioner will have the opportunity to raise his arguments as to the sufficiency of the evidence, either at trial or on direct review of any potential conviction.

His speedy trial claim is also non-cognizable. He alleges that he was arrested in August 2019 and that his trial was set to begin on January 9, 2023—the same day the amended petition was filed in this court. ECF No. 10 at 13-14. The Ninth Circuit has held that *Younger* abstention in the speedy trial context is appropriate "even in cases of extreme delay," provided that there is "no indication that the state court has been ineffective." *Page v. King*, 923 F.3d 898, 902-03 (9th Cir. 2019). Here, petitioner alleges that his trial was to begin in October 2022, but that it was postponed after petitioner requested removal of his appointed counsel. ECF No. 10 at 14. The trial court set a conference on trial readiness for December 2022 and continued the trial to the January date. *Id.* This fails to demonstrate that the state court has been ineffective or that petitioner's case is one in which "there is no end in sight." *See Phillips v. Vasquez*, 56 F.3d 1030, 1035 (9th Cir. 1995) (finding it appropriate to consider a habeas petition while state criminal proceedings were pending where fifteen years had passed without a re-trial and there was "there [was] no end in sight" as to the delay).

Finally, petitioner's double jeopardy claim is non-cognizable. He alleges that an initial case against him was dismissed for want of evidence. ECF No. 10 at 15. Petitioner does not allege that he was actually tried in that earlier case, however. The Supreme Court has held that

2

"jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is put to trial before the trier of the facts, whether the trier be a jury or a judge." *Serfass v. United States*, 420 U.S. 377, 388 (1975). A dismissal for want of evidence at a preliminary stage, as petitioner alleges here, does not implicate the prohibition on double jeopardy.

Accordingly, it is RECOMMENDED that the amended petition, ECF No. 10, be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 5, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3